UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMILA SN | No. 2:22–cv–01796–KJM–CKD (PS) |
| Plaintiff, | ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |
| v. | |
| BHAGYA GARIAH, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Plaintiff's Complaint and Accompanying Ex Parte Motion**

Plaintiff, a citizen of California, has alleged claims against multiple defendants. (See ECF No. 1.) While plaintiff has not provided known addresses for any of the defendants, at least one of the named defendants, "SoCal Elite Organization" appears to be a California citizen. (Id. at 3.) As best as the court can tell, plaintiff's complaint alleges claims for breach of contract, personal injury, and violations under the federal criminal perjury statute. (Id. at 5) ( "US 18 Penal Code penalties for perjury to the courts, trauma and bodily injury, child trauma, breach of contract of the court, stipulation, handling using diplomatic correspondence and getting the proposed order."). Plaintiff seeks equitable relief. (Id. at 6.)

On October 13, 2022, plaintiff filed an additional motion in this case titled "Plaintiff Request for Ex Parte Motion on Child Custody and Equitable Relief Order Using Diplomatic Correspondence." (ECF No. 6.)

**Analysis**

It appears to the court that it lacks subject matter jurisdiction over plaintiff's complaint. Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff appears to allege violations under the federal criminal perjury statute. (ECF No. 1 at 5.) However, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Because plaintiff's criminal perjury claim is obviously legally frivolous, the court lacks subject matter jurisdiction. See Hagans, 415 U.S. at 537 (noting that federal courts lack subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit."); see also, e.g., Self v. Chase Bank, N.A., 2011 WL 3813106, at *5 (E.D. Cal. Aug. 25, 2011), report and recommendation adopted, 2011 WL 13239618 (E.D. Cal. Sept. 28, 2011) (dismissing a claim as legally frivolous where plaintiff sought criminal prosecution of defendants).

Setting aside plaintiff's claim under Title 18, there are no other claims arising under the court's federal court jurisdiction, as plaintiff's remaining claims arise under California law. 28

U.S.C. § 1331. Further, it appears that the court does not have diversity jurisdiction over plaintiff's action. Diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Although plaintiff has not provided known addresses for any of the defendants, at a least one of the named defendants, "SoCal Elite Organization," appears to be a California citizen. (ECF No. 1 at 3.) Plaintiff is also a California citizen. (Id. at 1.) Because at least one of the named defendants is a California citizen, complete diversity does not exist. Therefore, the court must dismiss plaintiff's complaint under Rule 12(h)(3) for lack of subject matter jurisdiction.

Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "Amended Complaint";

ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);

iii. use numbered paragraphs;

iv. set forth the various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);

v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);

vi. include a general background facts section to orient the reader only as necessary;

vii.   include statements for jurisdiction, venue, and relief sought as is necessary;

viii.  omit exhibits, documents, photos, or other such "evidence" of the claims (except for any contracts on which she bases any breach of contract claim);

ix.   refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and

x.    address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff is unable to file an amended complaint in compliance with the court's order at this time, plaintiff may alternatively file a notice of voluntary dismissal of these claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Given this, the undersigned recommends plaintiff's motion titled "Plaintiff Request for Ex Parte Motion on Child Custody and Equitable Relief Order Using Diplomatic Correspondence," (ECF No. 6,) be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff's ex parte motion (ECF No. 6) is DENIED;
3. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either an amended complaint or a notice of voluntary dismissal by the

required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  December 15, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, sn.1796

6