UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMILA SN,<br><br>         Plaintiff,<br><br>     v.<br><br>ADRIAN MATA,<br><br>         Defendant. | No.  2:22–cv–01796–KJM–CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS |

   Plaintiff, proceeding pro se, filed a complaint against several defendants, alleging violations of various state statutes and a federal criminal statute; plaintiff also requested leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  The court granted plaintiff's IFP request and dismissed the complaint under Rule 12(h)(3) for lack of subject matter jurisdiction.  (ECF No. 7.)  Plaintiff was given 28 days to amend the complaint and warned that failure to do so by the required deadline could result in sanctions, including dismissal of the action with prejudice pursuant to pursuant to Rule 41(b).  (Id. at 5.)

   On December 30, 2022, plaintiff filed a First Amended Complaint (FAC).  (ECF No. 9.)  Plaintiff also filed an Ex Parte Application "for the U.S. Constitution Law of Legal Selection and Appointment of California Transition."  (ECF No. 8.)

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

...

Plaintiff's FAC omits the original allegations against the numerous defendants named in the original complaint. Under Ninth Circuit precedent, plaintiff's omission of the claims from the original complaint constitutes abandonment of those claims. Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) ("It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint."); see also Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."). Thus, the only claims currently before the court are those asserted in the FAC against defendant Adrian Mata.

Plaintiff's FAC seeks a court order installing her as governor of California. (ECF No. 9 at 16.) Plaintiff sues defendant Adrian Mata, whom plaintiff believes is preventing her from assuming her position as governor. (Id. at 5.) Plaintiff states that she moved to Sacramento, California after taking the oath of office for governor. (Id. at 2-3.) Plaintiff states that President Biden appointed her as governor through an executive order. (Id. at 4.) Plaintiff describes engaging in various efforts to obtain the executive order, including calling the White House, going to the FBI in Sacramento, requesting help from the Attorney General's office, and even flying to Washington, D.C. (Id. at 3-5.) Plaintiff alleges additional causes of action against defendant, including bodily injury, domestic violence, and threats to national security, which she believes are related to state laws legalizing recreational marijuana use. (Id. at 15-16.) Plaintiff requests damages arising from fraudulent statements, car repossession, breach of contract, and trauma to plaintiff's daughter. (Id. at 16-17.) However, it is not clear how these alleged injuries relate to plaintiff's belief that she has been ordered to serve as governor.

Case no. 2:22-cv-01788-KJM-AC

The court takes judicial notice of the proceedings in case no. 2:22-cv-01788-KJM-AC. There, plaintiff filed claims against the same defendant, Adrian Mata. (See 2:22-cv-01788-KJM-AC at ECF No. 1.) Plaintiff alleged that President Biden issued an executive order that she serve as governor of California. (Id.) Plaintiff requested that the court intervene to instate her as

1 governor of California.  (Id.)

2 The court recommended that plaintiff's complaint be dismissed without leave to amend, as the complaint consisted entirely of fanciful allegations with no plausible basis in law or fact.  (See id. at ECF No. 18.)  The assigned district judge adopted the findings and recommendations in full, dismissed plaintiff's case without leave to amend, and closed the case.  (See id. at ECF No. 20.)

Dismissal on Res Judicata Principles

The undersigned notes the identical nature of the claims raised in the FAC and those raised in case no. 22-cv-01788-KJM-AC.  Thus, the court examines plaintiff's FAC by applying res judicata principles. See Arizona v. California, 530 U.S. 392 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980)).

Res judicata, or claim preclusion, forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." See Taylor v. Sturgell, 553 U.S. 880 (2008).  Stated another way, "[c]laim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009).  "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

To establish claim preclusion the following is considered: (1) an identity of claims between the two cases; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212.  Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the

3

same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id.

The undersigned finds each factor in the claim preclusion analysis, and each sub-factor regarding the identity of claims, is satisfied. The claims are identical to the claims in case no. 22-cv-01788-KJM-AC, and arise from the same transactional nucleus of alleged facts. As in case no. 22-cv-01788-KJM-AC, plaintiff asks the court to install her as California's governor and alleges that President Biden has named her governor through an executive order. (See 2:22-cv-01788-KJM-AC at ECF No. 18.) A final judgment on the merits exists. The court previously issued findings and recommendations that plaintiff's complaint be dismissed without leave to amend. (Id.) The assigned district judge adopted the findings and recommendations in full, dismissed plaintiff's case without leave to amend, and closed the case. (See id. at ECF No. 20.) Finally, the parties in each of the cases are exactly the same. As in case no. 22-cv-01788-KJM-AC, plaintiff brings this suit against defendant Adrian Mata, who has allegedly prevented plaintiff from securing her position as governor. Therefore, the undersigned finds each factor in the claim preclusion analysis, and each sub-factor regarding the identity of claims, satisfied, such that plaintiff's FAC should be dismissed on res judicata principles.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, here, the FAC contains no plausible basis in law and no plausible supporting facts. The court has no authority to install plaintiff as the governor of California. Thus, the undersigned finds that the contents of the complaint are sufficiently fanciful and unintelligible to make it clear that leave to amend in this case would be futile. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996) (holding that no leave to amend need be given if amendment would be futile).

/////

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is hereby RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;

2. Plaintiff's Ex Parte Motion (ECF No. 8) be DENIED AS MOOT; and

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 9, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, sn.1796